

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2008

# Tantalean-Bera v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tantalean-Bera v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1011.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1011

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2525

_____

FERNANDO TANTALEAN-BERA,

                                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of Removal of the Board of Immigration Appeals
(Agency No. A97-959-834)
Immigration Judge: Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2008

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: June 17, 2008)

_____

OPINION

_____

PER CURIAM

        Fernando Tantalean-Bera seeks review of a final order of removal. We will

dismiss the petition for review.

        Tantalean-Bera is a native and citizen of Peru. He entered the United States

without inspection in April, 1994. The Department of Homeland Security issued a Notice to Appear on November 28, 2004, stating that Tantalean-Bera was in violation of INA § 212(a)(6)(A)(i). Tantalean-Bera conceded removability and applied for cancellation of removal under INA § 240A(b)(1) on April 27, 2005. The Immigration Judge ("IJ") held a hearing on March 1, 2006, and denied the application for cancellation of removal, concluding that Tantalean-Bera had failed to meet the statutory criteria.[1] Tantalean-Bera appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal. The BIA found no error in the IJ's determination that Tantalean-Bera's wife would not suffer exceptional hardship "beyond that which ordinarily would be expected to result from the [petitioner's] removal." BIA op. Determining that failure to satisfy this factor alone rendered Tantalean-Bera ineligible for cancellation of removal, the BIA declined to reach any other issue that he had raised.

In his petition for review, Tantalean-Bera raises two arguments: (1) that the IJ violated his right to due process by engaging in biased questioning; and (2) that the BIA erred in affirming the IJ's determination that he was not entitled to cancellation of removal because he had not demonstrated that his removal would result in exceptional

_____

[1]An alien seeking cancellation of removal must show that: (1) the alien has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of the alien's application for cancellation of removal; (2) the alien has been a person of good moral character during such period; (3) the alien has not been convicted of a criminal offense; and (4) the alien's removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(A)-(D).

and extremely unusual hardship to his spouse.

We cannot consider Tantalean-Bera's argument that the IJ's manner of questioning violated due process because he failed to raise this issue before the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005).

Denials of discretionary relief are not subject to judicial review. 8 U.S.C. § 1252(a)(2)(B). Whether an alien will suffer "exceptional and extremely unusual hardship," as required for cancellation of removal, is precisely such a discretionary determination. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). We lack jurisdiction to review the discretionary decision that Tantalean-Bera failed to show exceptional and extremely unusual hardship. 8 U.S.C. § 1229b(b)(1)(D).

As Tantalean-Bera has presented no issue that we may review, we will dismiss his petition for review.